UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDELL BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:15-cv-01043 |
| | ) |
| CITY OF FERGUSON, MISSOURI, | ) **JURY TRIAL DEMANDED** |
| OFFICER ERIC DAVIS, AND OFFICER | ) |
| ERIN P. O'BRIEN, | ) |
| | ) |
| Defendants. | ) |

# *DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT*

COME NOW Defendants, by and through their attorneys, and for their Joint Answer to Plaintiff's Complaint (Doc. No. 1), state as follows:

## *STATEMENT OF THE CASE*

1. Defendants admit that the Plaintiff purports to raise his cause of action against the Defendants for alleged violations of his constitutional of high constitutional rights. Defendants deny the merits of such allegations and deny that the Plaintiffs are entitled to any relief. Defendants deny the remaining averments contained within paragraph one.

2. Defendants admit that the Plaintiff encountered Defendants Davis and O'Brien on December 9, 2011. Defendants further admit that the Plaintiff was prosecuted in the Ferguson Municipal Court. Defendants deny the remaining averments contained within paragraph two.

## *PARTIES*

3. Upon information and belief, Defendants admit that Lindell Boyd is an African-American male citizen and resident of the State of Missouri and the United States of America. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph three.

4. Defendants admit the City of Ferguson is a municipal corporation organized and existing under the laws of the State of Missouri. Defendants admit Plaintiff purports to raise his cause of action against the City of Ferguson. Defendants deny the merit of such allegations and deny that Plaintiff is entitled to relief for such claim. Defendants deny any remaining averments contained in paragraph four.

5. Defendants admit Officer Eric Davis is a sworn peace officer certified by the State of Missouri and is and has been employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiff purports to raise his cause of action against Officer Eric Davis in his individual capacity. Defendants admit the alleged acts alleged herein against Officer Eric Davis were committed while acting under the color of state law. Defendants deny the remaining averments within paragraph five.

6. Defendants admit Officer Erin O'Brien is a sworn peace officer certified by the State of Missouri and is and has been employed as a Patrol Officer by the City of Ferguson. Defendants admit that the Plaintiff purports to raise his cause of action against Officer Erin O'Brien in his individual capacity. Defendants admit the alleged acts alleged herein against Officer Erin O'Brien were committed while acting under the color of state law. Defendants deny the remaining averments within paragraph six.

## *JURISDICTION AND VENUE*

7. Defendants admit that the Plaintiff purports to raise his cause of action against the Defendants under 42 U.S.C. §§ 1983.  Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.  Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the alleged events and/or acts and/or omissions giving rise to this Complaint occurred in St. Louis County, Missouri, which lies within the Eastern District of Missouri and because the Defendants were performing their duties and responsibilities within the Eastern District of Missouri.

## *FACTS*

8. Defendants admit that on or around 10:00 p.m. on December 8, 2011, Lindell Boyd was in a car in the City of Ferguson with Latavia Sims.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments containing within paragraph eight and deny the same.

9. Defendants admit that Officer Davis was on duty in a marked police car at or around 10:00 p.m. on December 8, 2011, at or near the area where Lindell Boyd was sitting in a car. Defendants admit Officer Davis asked Plaintiff what Plaintiff was doing.  Defendants admit Plaintiff provided Officer Davis a work identification card.  Defendants deny the remaining averments in paragraph nine.

10. Defendants admit that Officer O'Brien arrived on the scene.  Defendants admit Officer Davis asked Plaintiff to step out of the car and Plaintiff initially refused.  Defendants admit Plaintiff was informed by Officer Davis that a TASER would be used if Plaintiff did not step out of the car.  Defendants deny the remaining averments in paragraph ten.

11. Denied.

3

{01454929.DOCX;1}

12. Defendants admit Officer Davis used a TASER once against the Plaintiff.  Defendants admit Officer O'Brien struck the Plaintiff twice with a closed fist.  Defendants admit Plaintiff was placed in handcuffs.  Defendants deny the remaining averments in paragraph twelve.

13. Defendants admit Officer O'Brien struck the Plaintiff twice in the face with a closed fist.  Defendants deny the remaining averments in paragraph thirteen.

14. Defendants admit Plaintiff was transported to the Ferguson Municipal Jail.  Defendants admit Plaintiff was charged with failure to obey.

15. Defendants admit that the City of Ferguson Police Department issues summons for citations of the law.  Defendants admit this may result in revenue for the City of Ferguson.  Defendants admit some charges are referred to the St. Louis County Circuit Court. Defendants admit Plaintiff's case was prosecuted in the Municipal Court of Ferguson. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph fifteen and deny the same.

16. Defendants admit the charge against Plaintiff was amended from failure to obey to the charge of littering.  Defendants deny the remaining averments in paragraph sixteen.

17. Defendants admit Plaintiff accepted the disposition of littering.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph seventeen and deny the same.

18. Admitted.

19. Admitted.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph twenty and deny the same.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within paragraph twenty one and deny the same.

22. Defendants admit The City of Ferguson is located in St. Louis County. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained within paragraph twenty two and deny the same.

23. Admitted.

24. Admitted.

25. Defendants admit the report details policies, practices and customs of the City of Ferguson. Defendants deny the remaining averments contained in paragraph twenty five.

26. Defendants admit the DOJ examined the practices of the Ferguson Police Department. Defendants admit the DOJ examined whether the practices of the Ferguson Police Department burdened the African-American community. Defendants admit the DOJ examined enforcement practices of the Ferguson Police Department. Defendants admit the DOJ determined some enforcement practices of the DOJ generated revenue for the City of Ferguson through the Ferguson Municipal Court. Defendants deny the remaining averments contained in paragraph twenty six.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained within paragraph twenty seven and deny the same.

28. Denied.

29. Defendants admit judges must take an oath to uphold the constitution and laws of the United States and the State of Missouri. Defendants deny the remaining averments contained in paragraph twenty nine.

5

30. Defendants admit the City of Ferguson hires and retains a municipal judge.  Defendants deny the remaining averments contained in paragraph thirty.

### COUNT I:  USE OF EXCESSIVE FORCE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION, COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS DAVIS AND O'BRIEN

31. Defendants restate and re-allege their responses to paragraphs 1–30 as if fully set out herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### COUNT II: UNLAWFUL SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS DAVIS AND O'BRIEN

38. Defendants restate and re-allege their responses to paragraphs 1–37 as if fully set out herein.

39. Denied.

40. Denied, and all sub-parts are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

### COUNT III: VIOLATION OF THE FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION- EQUAL PROTECTION COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS DAVIS AND O'BRIEN

46. Defendants restate and re-allege their responses to paragraphs 1–45 as if fully set out herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

### COUNT IV: VIOLATION OF THE FIRST AMENDMENT TO UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS DAVIS AND O'BRIEN

53. Defendants restate and re-allege their responses to paragraphs 1–52 as if fully set out herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

### COUNT V:  LIABILITY OF DEFENDANT CITY OF FERGUSON FOR CAUSING THE CONSTITUTIONAL VIOLATIONS SUFFERED BY PLAINTIFF COGNIZABLE PURSUANT TO 42 U.S.C § 1983.

60. Defendants restate and re-allege their responses to paragraphs 1–59 as if fully set out herein.

61. Denied.

62. Denied, and all sub-parts are denied.

63. Denied, and all sub-parts are denied.

64. Denied.

65. Defendants admit the City of Ferguson has within its possession and control documents which may or may not relate to the allegations by Plaintiff.  Defendants deny the remaining averments contained in paragraph sixty five.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### COUNT VI: RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT CITY OF FERGUSON

70. Defendants restate and re-allege their responses to paragraphs 1–69 as if fully set out herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

{01454929.DOCX;1}

## *AFFIRMATIVE DEFENSES*

A. Defendants deny each and every other averment and statement contained in the Plaintiff's Complaint that is not specifically admitted herein.

B. Any injury or damage sustained by Plaintiff was sustained as the direct and proximate result of Plaintiff's own criminal conduct, negligence, carelessness and comparative fault and thus and thereby, Plaintiff is not entitled to recover from Defendants, or any recovery of Plaintiff should be reduced by the percentage of Plaintiff's own negligence, carelessness and comparative fault contributing thereto pursuant to federal law and R.S.Mo. § 537.060.

C. Officers Davis and O'Brien are entitled to Qualified Immunity regarding the claims made against them, without limitation, since there is no fundamental right that was clearly established at the time of the events described in the Complaint for the Plaintiff to refuse to obey the lawful direction of a police officer, and that an officer is permitted to use reasonable force in self-defense under the circumstances presented to Defendant Officers, and thus and thereby, Plaintiff is not entitled to recover from the Defendants and the Defendant Officers conduct was justified.

D. The City of Ferguson is entitled to dismissal as the law was not clearly established at the time of the subject incident that the actions made by the individual Defendants pursuant to policy were in violation of Plaintiff's constitutional rights.

E. Any force used against the Plaintiff was the direct result of the Plaintiff's own voluntary and consensual instigation of aggressive, dangerous and unreasonable behavior against Defendant Officers, and thus and thereby, the Plaintiff consented to the acts of the Defendant Officers in defending themselves and/or others against the Plaintiff.

F.  Any state law claim against the City of Ferguson is barred as it is immune from such state law claims due to the application of sovereign immunity and Plaintiff's failure to plead an exception to sovereign immunity provided by R.S.Mo. § 537.600.

G.  Any force used and any act of any Ferguson Officers was undertaken pursuant to law and in the course of their official sworn duties as law enforcement officers, was reasonable in nature and was based upon both probable cause and reasonable suspicion the Plaintiff had violated the laws and ordinances of the State of Missouri and the City of Ferguson (including, but not limited to, City of Ferguson Municipal Ordinance Section 29-16 Failure to Obey), that the actions taken toward Plaintiff took place pursuant to law and were reasonable.

H.  Any liability which may be found on the part of the City of Ferguson regarding state claims is to be capped at the measure determined by R.S.Mo. § 537.610 and in accordance with the Implicit Price Deflator for Personal Consumption Expenditures as published by the Bureau of Economic Analysis of the United States Department of Commerce and annually published by the Missouri Register.

I.  Defendants are entitled to a reduction of any award by the amount of settlement pursuant to federal law and R.S.Mo. § 537.060.

J.  Plaintiff has a duty to mitigate his damages, and has failed to do so.

K.  Defendant City of Ferguson is absolutely immune from an award of punitive damages regarding a claim raised pursuant to 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982).

L.  Defendants reserve the right to make additional affirmative defenses in the course of discovery.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 27th day of August, 2015 to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Stephen M. Ryals
16640 Chesterfield Grove Road
Suite 100
Chesterfield, Missouri 63005
ryals@rblawstl.com
Attorney for Plaintiff

/s/ Peter J. Dunne